SUMMARY MEMORANDUM OPINION; NOT INTENDED FOR PUBLICATION IN THE OFFICIAL REPORTERS

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PUBLIC EMPLOYEES FOR ENVIRONMENTAL RESPONSIBILITY, <br><br> Plaintiff, <br><br> vs. <br><br> U.S. DEPARTMENT OF LABOR, <br><br> Defendant. | Civil Action No. 10-cv-1706 (RLW) |

## MEMORANDUM OPINION [1]

Plaintiff Public Employees for Environmental Responsibility ("PEER") is a non-profit organization dedicated to research and public education concerning activities and operations of the federal government. (Compl. ¶ 2.) PEER sought documents from the Department of Labor ("DOL") pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. §§ 552. Specifically, PEER sought

---

[1] This unpublished memorandum opinion is intended solely to inform the parties and any reviewing court of the basis for the instant ruling, or alternatively, to assist in any potential future analysis of the *res judicata*, law of the case, or preclusive effect of the ruling. The Court has designated this opinion as "not intended for publication," but this Court cannot prevent or prohibit the publication of this opinion in the various and sundry electronic and legal databases (as it is a public document), and this Court cannot prevent or prohibit the citation of this opinion by counsel. *Cf.* Fed. R. App. P. 32.1. Nonetheless, as stated in the operational handbook adopted by our Court of Appeals, "counsel are reminded that the Court's decision to issue an unpublished disposition means that the Court sees no precedential value in that disposition." D.C. Circuit Handbook of Practice and Internal Procedures 43 (2011).

> all documents provided by OSHA to GAO during the calendar year 2010 . . . concerning whistleblower protection programs administered by OSHA, including but not limited to materials sent to GAO in connection with its proposed report on this program.

(Compl. ¶ 16.) [2] After disclosing some records and withholding others under the FOIA Exemption 5 deliberative process privilege, the agency filed a motion for summary judgement arguing that it had fulfilled its FOIA obligations. *See* 5 U.S.C. § 552(b)(5). PEER opposed the motion and filed its own motion for summary judgment challenging the agency's withholding of a single document.[3]

---

[2] OSHA is an "agency of the United States Department of Labor." *National Maritime Safety Ass'n v. Occupational Safety & Health Admin.*, 649 F.3d 743, 365 (D.C. Cir. 2011). GAO is the Government Accountability Office (formerly the Government Accounting Office). *Qwest Communications Int.'l, Inc. v. FCC*, 398 F.3d 1222, 1230 (10th Cir. 2005).

[3] In its *Vaughn* index the agency described the withheld document as follows:

**Withheld in full. Exemption (b)(5).** 15 pages of typed notes from a document titled "Meeting in Chicago on Whistleblower Issues" dated October 1 and 2 have been withheld in full pursuant to the deliberative process privilege of exemption (b)(5). The document states that the following individuals, all DOL employees, were in attendance at the meeting: Mike Connors, John Hermanson, Cindy Coe, Ben Ross, Greg Baxter, Richard Terrill, and Richard Fairfax. The document lays out the following six issues related to the Whistleblower Protection Program ("WPP"): 1) whistleblower cases where either the complainant or the company proves to be non-cooperative after repeated attempts by the investigator to conduct his/her investigation; 2) the Appeal process in 11c cases; 3) dual filing; 4) resources and case loads; 5) training; and 6) grade structure and regional models. Each issue is followed by a written account of the weighing, debating and providing of opinions and ideas by the above listed individuals about the particular WPP issue under discussion. This meeting was internal and the withheld document reflects the give and take of ideas and opinions between individuals at the meeting. The document does not contain any final agency decisions. The release of this information could reasonably be expected to confuse the public with reasons and rationales that may not ultimately be the grounds for why/how DOL ultimately handles the six issues listed above. Further, disclosure of the redacted information could reasonably be expected to have a chilling effect on open, frank communications of OSHA employees in the

The Court agreed that the document was properly withheld pursuant to the deliberative process privilege, but the Court ruled that the agency had not met is burden with respect to the issue of segregability. In the prior opinion, the undersigned explained:

> It has long been a rule in this Circuit that non-exempt portions of a document must be disclosed unless they are inextricably intertwined with exempt portions. In 1974, Congress expressly incorporated that requirement into the FOIA, which now states that "(a)ny reasonably segregable portion of a record shall be provided . . . after deletion of the portions which are exempt."
>
> *Mead Data Cent., Inc. v. United States Dep't of Air Force,* 566 F.2d 242, 260 (D.C. Cir. 1977) (citing 5 U.S.C. § 552(b)). In cases where the agency asserts the deliberative process privilege, purely factual material may not be withheld unless such material is "'inextricably intertwined' with the deliberative material." *Judicial Watch, Inc. v. DOJ*, 432 F.3d 366, 372 (D.C. Cir. 2005) (citing *In re Sealed Case*, 121 F.3d 729, 737 (D.C. Cir. 1997)).
>
> The agency bears the burden of establishing "with 'reasonable specificity' why the factual material cannot be further segregated. *See Armstrong v. Executive Office of the President,* 97 F.3d 575, 578 (D.C. Cir. 1996) (citations omitted). While the agency is not required to "commit significant time and resources to the separation of disjointed words, phrases, or even sentences which taken separately or together have minimal or no information content," the agency cannot discharge its burden by relying on conclusory statements. *Mead Data Cent., Inc.,* 566 F.2d at 261 & n.55.
>
> The Vaughn Index in the present case indicates that the October 2008 meeting notes were withheld in full. (Doc. 18-1, Vaughn Index #1.) According to the DOL briefs and affidavits, the agency performed a "line by line review" of the documents originally requested and the agency disclosed the information that could be released without destroying the integrity of the documents as a whole. (Doc. 10-1, Thompson Decl. ¶ 12; Doc. 10-2, Glassi Decl. ¶¶ 9-10.) Relying on this statement and the

---

future when conducting an internal meeting to discuss specific issues that have arisen in the agency program, such as WPP.

(Doc. 18-1, Vaughn Index at #1.)

> Vaughn index description of the meeting notes, the DOL asserts that it has met is burden of establishing disclosure of any material that might have been segregated.
>
> The Court does not agree. DOL's conclusory statements about the segregability of the documents could apply to any withheld document: the statements do not sufficiently explain why or how, for example, factual information about "training" or "resource and case loads" cannot not be disclosed.

(Doc. 19, Mem. Op. at 15-16.) Given this finding, the parties' motions for summary judgment were denied without prejudice and the agency was ordered to produce the document for *in camera* inspection.[4]

Upon inspection of the document, the Court finds that the bulk of the withheld document "reflect[s the] agency's preliminary positions or ruminations about how to exercise discretion on some policy matter[s.]" *Petroleum Info. Corp. v. U.S. Dep't of Interior*, 976 F.2d 1429, 1435 (D.C. Cir. 1992). Indeed, the document identifies several problems the agency faced, outlines suggested policy changes, and discusses the benefits and disadvantages of the suggested policy changes. Even the "training" and "resource case load" sections of the document included proposed policy changes. Thus, disclosure of the entire document would reveal the "personal opinions" of agency employees and would "likely . . . stifle honest and frank communication within the agency." *Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 866 (D.C. Cir. 1980). As such, the agency properly withheld the bulk of the document under the deliberate process privilege exemption.

---

[4] The agency submitted a hard copy of the document directly to chambers for *in camera* inspection. In order to maintain a complete record of these proceedings, the Clerk of the Court will be directed to electronically file a sealed version on the docket that will be visible to the Court, but not to the parties or the public.

The Court notes that portions of the document simply contain discussions of current policies. While it might seem that revealing discussions of current policies would not involve disclosure of information that is "deliberative" in nature, such is not the case here. Instead, in this context, disclosing information regarding current policies may provide insight into how the agency contemplates addressing a particular problem. Specifically, knowing that the agency contemplates addressing a particular problem by changing policy X, rather than policy Y, provides insight into the agency's deliberative process. As our Circuit has explained, the deliberative process privilege protects: (1) "the public from the confusion that would result from premature exposure to discussions occurring before the policies affecting it had actually been settled upon"; and (2) "the integrity of the decision-making process itself by confirming that officials would be judged by what they decided, not for matters they considered before making up their minds." *Petroleum Info. Corp.*, 976 F.2d at 1434 n.5. Both of these purposes are furthered by withholding the bulk of the document at issue here because full disclosure would provide insight into what agency officials "considered before making up their minds," thereby possibly confusing the public. *See id.*

Only one portion of the document can be segregated and disclosed without impinging upon the deliberative process privilege. On page 12, the second black-bulleted paragraph begins with "Do we track . . ." and poses a question relating to the tracking of certain complaints. Immediately following that question are three sentences: the first two sentences contain a response to the question and a third sentence contains an opinion about the topic. The question and the two responsive sentences do not provide any insight into whether, or to what extent, the

agency is contemplating making any changes regarding tracking the complaints at issue. Accordingly, the agency shall disclose the question and the first two sentences containing the response.

Other than the question and the two sentences described above, the Court finds that the agency has met its obligations under FOIA and no other information must be disclosed. Accordingly, this action is due to be dismissed.

SO ORDERED.
March 20, 2014.

_____
Robert L. Wilkins
United States Circuit Judge
(Sitting by designation as United States
District Judge for the District of Columbia)